(No. 4441-

CHARLES B. REED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1952.*

A. R. CAGLE, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

This claim is brought under Section 3 of the Workmen's Occupational Diseases Act by the above named claimant for alleged damages sustained as a result of

contracting tuberculosis during the course of his employment by the above named respondent.

Claimant entered service on September 11, 1943 as an attendant, and was employed continuously at the Kankakee State Hospital until January 24, 1950. During the course of his employment, he worked in the capacity of a charge attendant, regular attendant and relief attendant.

In his various capacities, while in the employment of respondent, claimant had occasion to come into contact with patients in the tuberculosis ward, and also with patients, who were transferred to the tuberculosis ward. While working in the tuberculosis ward, claimant checked the beds every thirty minutes, and removed the soiled sheets. On different occasions, claimant was also required to work more than six days without a day of rest.

The record consists of the following: complaint, amended complaint, Departmental Report, transcript of evidence, reporter's bill, Supplemental Departmental Report, letter from counsel considered as waiver of brief of claimant, waiver of respondent of right to file statement, brief and argument.

Chest reports at the time claimant was first employed were suggestive of chronic bronchial infection and fibrotic infiltration. However, no active tuberculosis infection was discovered at the time claimant was first employed.

Although the record shows that claimant refused certain observatory procedures, positive cultures in June and July, 1950 were suggestive of an active tuberculosis process.

During the year of 1950, claimant received $1,125.42. The above earnings are based upon a salary

of $193.00 per month, representing annual earnings of $2,316.00 for persons in a similar class of employment.

Claimant is entitled to the benefits of "An Act to Promote the Public Health and Comfort of Persons Employed by Providing One Day of Rest in Seven", which provides, among other things, that an employee in a hospital, etc., shall be allowed at least twenty-four consecutive hours of rest in every calendar week, in addition to the regular period of rest allowed at the close of each working day. Ill. Rev. Stat. 1949, Chap. 48, Sec. 8b, *Domke* vs. *State*, 12 C.C.R. 451.

That such statute has been violated is shown by claimant's testimony, and such violation was negligence on the part of respondent under Section 3 of the Workmen's Occupational Diseases Act.

Claimant, therefore, is entitled to an award.

As to damages, we feel, after a close examination of the record, that with proper confinement and medication claimant's tuberculosis may become permanently arrested. We, therefore, conclude that claimant is entitled to an award of $2,000.00.

Helen Cox, Court Reporter, was employed to take and transcribe the evidence in this case, and has rendered a statement for services in the amount of $29.40. The Court finds that the amount charged is fair, reasonable and customary in the community where the service was rendered, and said claim is allowed and payable forthwith.